UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERENE LYNETTE WOOLLARD,

        Petitioner,

v.
                                      Case No. 24-cv-11341
                                      HON. MARK A. GOLDSMITH

JEREMY HOWARD,

        Respondent.

_____/

**OPINION & ORDER (i) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (ii) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (iii) DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Cherene Lynette Woollard is serving a sentence of 5 to 15 years with the Michigan Department of Corrections as a result of her Washtenaw Circuit Court jury trial conviction of first-degree criminal sexual conduct. Mich. Comp. Laws § 750.520b(1)(b). Jgt. at PageID.589 (Dkt. 9-17). Woollard filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking her release. Pet. (Dkt. 1). Woollard asserts that she was denied her Sixth Amendment right to the effective assistance of counsel when her trial attorney advised her to reject a favorable plea offer. Because the state court rejection of the claim reasonably applied clearly established federal law, the petition will be denied.

## I.    BACKGROUND

The charges against Woollard stemmed from allegations that she engaged in sexual intercourse with her 15-year-old son while she was intoxicated. The Michigan Court of Appeals summarized the state trial court proceedings:

> The complainant, defendant's son, testified that defendant sexually assaulted him in 2016 when he was 15 years old. According to complainant, defendant called him into her bedroom to give her a massage. After the massage he laid on the bed, and

1

defendant pulled his pants down, got on top of him and inserted his penis into her vagina. Complainant testified that defendant was intoxicated when this occurred and that he told her to stop, but she did not. The police became involved in 2019 after complainant told a friend about the incident while he was hospitalized for depression and suicidal iterations.

At the June 17, 2021, pretrial hearing, the prosecution informed the trial court that it had offered defendant a plea deal where she would plead guilty to felony child abuse and not be placed on the sex offender registry or receive jail time. Defendant had not decided whether to accept the plea offer at that time, but she later rejected it. At trial, this case turned on complainant's credibility because there was no corroborating physical evidence or witnesses to the alleged assault. Defense counsel made several arguments to the jury as to why complainant's testimony was not credible. The jury disagreed, however, and found defendant guilty of CSC-I. After defendant filed her claim of appeal, this Court granted her motion to remand this case for a Ginther[1] hearing. Defendant argued that she rejected the plea offer because defense counsel told her the prosecution's case was weak and complainant's testimony was not credible.

At the Ginther hearing, defense counsel testified that before trial he came to believe that complainant would not be a credible witness. Defense counsel formed this belief on the basis of defendant's representations, the result of defendant's polygraph examination, conversations with various witnesses, and the overall circumstances of the case. Defense counsel testified he was "absolutely convinced" that complainant's testimony was not credible and that defendant was innocent. But although defense counsel told defendant that he thought the prosecution's case was weak, he also told defendant that he could not guarantee that she would be acquitted. Defense counsel also testified that he explained defendant's charge to her and the possible penalties if she was convicted at trial. He likewise explained the benefits of taking the plea deal. Defense counsel said that defendant restated her innocence each time they talked. Defense counsel testified that defendant was adamant that she would not accept any plea offers.

Defendant testified that defense counsel asked whether she had committed the crime, and when she said no, defense counsel recommended she not accept the plea offer. Defendant did not recall defense counsel telling her there were no guarantees about the outcome of the trial, but only that he advised her to go to trial because he opined that no one would believe complainant. Defendant testified that defense counsel had convinced her she would win at trial and that but for defense counsel's advice, she would have taken the plea deal. Defendant admitted that she maintained her innocence throughout the case and that she had no interest in the first plea offer made in 2019 because she believed she did nothing wrong. After finding that defense counsel's testimony was credible and compelling, the trial court concluded that defense counsel provided effective assistance of counsel relating to the plea

---

[1] People v. Ginther, 390 Mich. 436; 212 N.W.2d 922 (Mich. 1973).

offer. Accordingly, the court denied defendant's request to set aside er conviction and allow her to accept the plea offer.

People v. Woollard, No. 358453, 2023 WL 2938764, at *1–2 (Mich. Ct. App. Apr. 13, 2023) (footnote in original).

As indicated by the Court of Appeals, the trial court denied Woollard's motion to set aside her conviction.  7/20/22 Order at PageID.626 (Dkt. 9-17).  Woollard thereafter filed a brief on appeal in the Court of Appeals that raised one claim:

> I. Ms. Woollard was deprived of her constitutional right to effective assistance of counsel due to her counsel's pretrial advice that caused her to reject a plea offer from the prosecution that would have resulted in a sentence significantly less severe than the sentence imposed.

Id. at PageID.643.

The Michigan Court of Appeals affirmed in an unpublished opinion.  Woollard, 2023 WL 2938764, at *3. The court found that Woollard failed to demonstrate that her attorney performed deficiently or that there was a reasonable probability that she would have accepted the plea deal but for the allegedly deficient advice of counsel. Id., at *2–3. Woollard appealed to the Michigan Supreme Court, but her application for leave to appeal was denied by form order.  People v. Woollard, 997 N.W.2d 224 (Mich. 2023) (Table).

Woollard's habeas petition raises the same claim she presented to the state courts. Pet. at PageID.4–5, 14–15.

## II.   ANALYSIS

### A. Legal Standard

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts.

Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court cases] or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent." Mitchell v. Esparza, 540 U.S. 12, 15–16 (2003) (punctuation modified).

"[T]he unreasonable application prong of the statute permits a federal habeas court to grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (punctuation modified).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (punctuation modified). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103 (internal quotation omitted).

## B. Ineffective Assistance

Woollard's sole habeas claim asserts that she was denied he effective assistance of counsel when her attorney advised her to reject a favorable plea deal because he believed he could prevail

at trial. In <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984), the Supreme Court established the familiar two-prong test to evaluate claims of ineffective assistance of counsel. A petitioner must establish: (i) that counsel's performance fell below an objective standard of reasonableness, and (ii) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. <u>Id</u>. at 687.

In <u>Lafler v. Cooper</u>, 566 U.S. 156 (2012), the Supreme Court held that the <u>Strickland</u> standard applies to claims of deficient advice regarding plea offers. In such cases, the prejudice prong asks whether, absent counsel's errors, the result of the plea process would have been different. <u>Id.</u>, 566 U.S. at 164–167. Where the claim is that the deficient performance led a defendant to reject a plea offer:

> [D]efendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

<u>Missouri v. Frye</u>, 566 U.S. 134, 147 (2012).

Here, in rejecting Woollard's claim, the Michigan Court of Appeals first recited the correct constitutional standard. <u>Woollard</u>, 2023 WL 2938764, at *2. The court then went on to find that Woollard established neither deficient performance nor prejudice. With respect to the first prong, the court found that

> defense counsel properly advised defendant regarding the nature of the charges and the consequences of accepting the plea deal.… Defense counsel explained that the plea deal included no jail time or sex offender registration, the other benefits of taking the plea, and the consequences of being found guilty at trial. Defense counsel also explained to defendant that he did not believe complainant was credible, thereby informing defendant that the trial strategy would be to discredit complainant if defendant chose to reject the plea deal.

Id. at *2.  The court noted that counsel did not unreasonably advise Woollard regarding the strength of the prosecutor's case.  Counsel's assessment of the weakness of the prosecution's case was reasonably based on "[Woollard's] representations, the polygraph examiner's conclusion that the incident never happened, conversations with multiple witnesses, and the overall circumstances of the case."  Id.  And even though counsel advised Woollard that the case was weak, he warned her that he could not guarantee an acquittal.  Id.  The court concluded that counsel therefore did not provide Woollard with deficient advice regarding the plea offer or her trial prospects.  Id., at *3.

With respect to the prejudice prong, the court noted that "defendant strongly opposed accepting a plea deal. She admitted she was not even interested in considering a plea deal when it was initially offered, and she also rejected a hypothetical plea deal for fourth-degree child abuse mentioned by defense counsel."  Id., at *3.  Based on Woollard's insistence to her counsel that she would not accept any plea offer, the court concluded that she could not demonstrate that there was a reasonable probability that she would have taken a plea deal but for different advice.  Id.

This decision was reasonably supported by the record established at the post-conviction evidentiary hearing.  7/15/22 Hr'g Tr. (Dkt. 9-16).  Defense counsel testified at the hearing that after interviewing a number of witnesses and considering the polygraph examiner's assessment of the complainant, that he was "absolutely convinced" that the complainant's testimony was not credible and that Woollard was innocent.  Id. at PageID.543.  Nevertheless, defense counsel testified that he discussed every plea offer made by the prosecutor with Woollard.  Id. at PageID.543–546.

The final offer made by the prosecutor that he communicated to Woollard was a plea to a reduced charge of third-degree child abuse.  Id. at PageID.546.  The day after the final pretrial conference, defense counsel met again with Woollard.  He asked her if she would accept a deal to

the misdemeanor charge of fourth-degree child abuse with no jail time, and whether he should approach the prosecutor with such an offer. Woollard responded that she would not take such a deal because she did not do anything wrong. Id. at PageID.546–547, 549–550. Defense counsel told Woollard "that she should be acquitted [at trial] but I couldn't guarantee she would be acquitted." Id. at PageID.550. Defense counsel described the conversation with Woollard:

> I said, we can -- there's always a possibility we could lose. If I could get this reduced to a misdemeanor, uh, with no jail, would you be willing to allow me to do that? And she was very adamant that she wouldn't accept any offers whatsoever. … She wanted vindication.

Id. at PageID.551.

Woollard gave a differing account of the advice she received from defense counsel at the post-conviction hearing. She testified that defense counsel advised her not to take any plea deal because she was innocent. Id. at PageID.558. She did not recall defense counsel telling her that there were no guarantees about a trial outcome. Id. at PageID.559. Woollard testified that if defense counsel had not convinced her to go to trial, she would have accepted a plea agreement to third-degree child abuse. Id. at PageID.560. Woollard said that she only rejected the plea offers made by the prosecutor because "my attorney told me we would win basically. He said he's not credible. My son isn't credible." Id. at PageID.563.

Faced with the conflicting accounts, the trial court chose to believe defense counsel's version, finding it "quite credible and compelling." Id. at PageID.569. Based on the evidence presented, therefore, the court concluded that Woollard failed to demonstrate that she was denied the effective assistance of counsel. Id. at PageID.571–572.

The facts as found by the trial court—including the finding that defense counsel's testimony was credible and that Woollard therefore insisted that she would not accept any plea deal—are presumed to be correct on habeas review. See Davis v. Ayala, 576 U.S. 257, 271 (2015).

7

A habeas petitioner has the burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Davis, 576 U.S. at 271.  Woollard offers nothing to rebut the state court's factual determinations.

Accepting the credibility determination made by the state court following the evidentiary hearing, the court's further determination that Woollard was properly advised and the Court of Appeals' determination that Woollard would not have accepted the plea offer is plainly reasonable. The credibility determination by the trial court forecloses her claim that her counsel advised her to reject all plea deals because she was innocent, and it forecloses her argument that she would have accepted a plea deal had she not been so advised.  In short, Woollard has failed to demonstrate that the state court rejection of her ineffective assistance claim is contrary to, or an unreasonable application of the clearly established Supreme Court standard governing her claim.  Petitioner, therefore, is not entitled to habeas relief.

### C. Certificate of Appealability and In Forma Pauperis on Appeal

Before Woollard may appeal this decision, the Court must determine whether to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To satisfy § 2253(c)(2), Woollard must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).  The Court finds that reasonable jurists would not debate the resolution of any of Woollard's claim.  The Court will therefore deny a certificate of appealability.

The Court also finds that because any appeal of this order would be frivolous, permission to appeal in forma pauperis will likewise be denied.  Fed. R. App. P. 24(a).

### III.    CONCLUSION

Accordingly, the Court (i) denies with prejudice the petition for a writ of habeas corpus; (ii) denies a certificate of appealability, and (iii) denies permission to appeal in forma pauperis.

**SO ORDERED.**

Dated: May 29, 2026                                     s/Mark A. Goldsmith
Detroit, Michigan                                       MARK A. GOLDSMITH
                                                        United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 29, 2026.

                                                        s/Joseph Heacox
                                                        JOSEPH HEACOX
                                                        Case Manager